### RICKS *v.* GEORGIA SOUTHERN AND FLORIDA RAILWAY CO.

Fish, J.　While it appeared from the testimony introduced by the plaintiff that the defendant railway company was chargeable with a violation of its duty as a common carrier, in that its train was not stopped at the station at which he wished to board it a sufficient length of time to afford him a reasonable opportunity to do so, yet as he confessedly, in order that he might not be left at that station, voluntarily assumed the risk of attempting to get aboard after the train was started and while it was in motion, the trial court committed no error in granting a nonsuit, he having made no effort to show that the servants of the company were guilty of any misconduct save that of not stopping the train at the station a reasonable length of time.

*Judgment affirmed.　By five Justices.*

Argued June 10, — Decided June 30, 1903.

Action for damages.　Before Judge Griffin.　City court of Valdosta.　September 9, 1902.

The plaintiff alleged, that on a night in November he went to the defendant's depot in the town of Lake Park, for the purpose of

taking passage on its train; that when the train came in sight a signal for it to stop was given, and the engineer blew the whistle in recognition of the signal; that when the train came to a stop the plaintiff, who was a dentist and carried a small box of tools and instruments, with as much haste as he could, undertook to get on the steps of the passenger-coach; that he set his box of instruments on the steps and reached to get hold of the hand-rail to board the train, when suddenly, without notice and without giving him sufficient time to get safely on the train, it moved off, causing him to miss the hand-rail, and before he could get out of the way he was struck by the corner of the passenger-coach, knocked to the ground, and injured in manner described; and that the injuries were caused solely by the negligence of the defendant's servants in charge of the train, and he was guilty of no wrong or negligence whatever. It appeared from the testimony, that Lake Park was a flag-station; the depot was not open, and there was no light save that afforded by a small fire that had been built on the ground near by. The train was due to arrive about half past ten o'clock. When it blew for the station, the plaintiff snatched up his engine and head-rest, and one Hackle waived a signal, to which the engineer responded with a short blow of the whistle. The plaintiff set down the two articles mentioned, told Hackle to put them on the train, and went back to the depot platform, a distance of 18 or 20 feet, to get a little case and a telescope. The train hardly came to a stop; it did not stop long enough for the slack to get out of the cars. A porter jumped off as it slowed down, called out "Lake Park," and two persons alighted while it was rolling. The porter cried "all aboard" when they hit the ground, waved his light, and the train moved swiftly off. The plaintiff tried to get on at the place where the two persons alighted. He set his instruments on the steps and reached for the hand-rail, expecting Hackle to hand him the other articles when he was on the platform of the car; but as he reached for the hand-rail the movement of the train had become so rapid that he missed the rail, and the corner of the coach struck his shoulder, knocked him to the ground, and injured him in manner described. When he set his instruments on, it was moving, but not so fast as to make him think he could not get on all right. It was moving slowly, just commencing to move off; it had started. When he made the effort to get on, it seemed to move more rapidly, or, as

Hackle testified, " about as fast as they could get off from a starting point."

G. A. Whitaker, for plaintiff.　John I. Hall, R. C. Jordan, and Cranford & Walker, for defendant.