## MEEKS *v.* ATLANTIC & BIRMINGHAM RAILROAD CO.

Under the facts disclosed by the record, the trial judge did not err in granting a nonsuit.

Argued January 30, — Decided March 4, 1905.

Action for damages.     Before Judge Griffin.     City court of Douglas.     July 18, 1904.

*Dart & Roan, Lankford & Dickerson,* and *Toomer & Reynolds,* for plaintiff.

*J. L. Sweat* and *Quincey & McDonald,* for defendant.

SIMMONS, C. J.    Meeks was a passenger on a mixed train of the defendant railroad company, having purchased a ticket from Waycross to Douglas.    It appears that he had left some bundles at Nicholls, an intermediate station between Waycross and Douglas, and he inquired of the conductor if the train would stop long enough at Nicholls for him to get out, secure his packages, and get back on the train before it started, to which the conductor replied in the affirmative.    The train stopped before it reached the depot at Nicholls.    Meeks alighted, went to the depot and got some of his bundles, which he carried into the car (the train having come up in the meantime to the depot), and was in the act of carrying another package, a sack of potatoes, into the car, when he was stopped by the conductor, who told him to " hold on, that he had " some baggage to put off, and would notify him when to get aboard."    He waited for the notice from the conductor, how long he does not say ; but he finally saw the conductor raise his hand on the train and order the engineer forward, and the train started ; whereupon he ran to the rear end of the train and attempted to board there.    Two train-hands did the same thing, and were on the steps when Meeks took hold of the hand-railing and got upon the first step with one foot.    At this time the engine gave a jerk which misplaced his foot and left him in a swinging position, his hands still clinging to the railing, and caused his leg to strike against the depot· platform, injuring him. He managed to climb into the car, unassisted, and went on to the end of his journey, but was badly injured.

Under this state of facts Judge Griffin, of the city court of Valdosta, presiding for the judge of the city court of Douglas,

awarded a nonsuit. We think, under this evidence, the trial judge was right. It clearly appears that Meeks could have avoided the injury to himself by the exercise of ordinary care: he saw the danger of mounting a car in motion which was attached to a mixed train, i. e. part freight and part passenger, yet he attempted to mount the steps while there were two other persons occupying them, which necessarily gave him only slight footing thereon. He says he has ridden frequently on trains before this injury, and therefore he must have known that it is dangerous to mount a moving train, especially one of a mixed character like this one. But he claims that the conductor put him off his guard by stating that he would notify him when to get aboard. This conversation, according to the record, occurred while Meeks was attempting to put a sack of potatoes on the car and the conductor told him to "hold on" until he could get some baggage off, but how long after this the train started is not stated by Meeks. It may have been five or ten minutes, or more. He was on the depot platform and could have seen when the baggage was taken from the car and placed on the platform, and he may have had several minutes in which to board the train before it started. However this may be, in our opinion he had no right to take the risk of mounting the moving car upon the steps of which two persons were already standing, although the conductor had failed to comply with his promise. If he had relied upon the promise of the conductor, then, according to the case of *Watson* v. *Railroad Co.*, 81 *Ga.* 476, he should have remained upon the depot platform and brought suit upon the breach of the promise, if he could have done so. The only difference between the *Watson* case and this one, in regard to the facts, is that in that case the conductor agreed to stop at a certain crossing and did not do so, and the passenger jumped and was injured, while in this case the conductor promised to notify Meeks when he would start, but failed to do so, and Meeks jumped upon the steps of the car. While Meeks says in his evidence that the jerk which threw his legs off the steps was violent, it does not appear that it was unnecessary in the running of this mixed train, nor does it appear that the engineer knew that Meeks was trying to mount the steps of the car at that time. For these reasons, we affirm the grant of nonsuit.

*Judgment affirmed. All the Justices concur*