LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* EDMONDSON.

· It appearing, from the allegations of the petition, that the injuries sustained by the plaintiff were the result of a failure upon her part to exercise due care to avoid the consequences to herself of the alleged negligence of the railroad company, the general demurrer urged upon this ground should have been sustained; and the court erred in overruling the same.

Submitted April 18,—Decided June 14, 1907.

Action for damages.   Before Judge Holden.   Warren superior court.   May 1, 1906.

The action was for personal injuries received by the plaintiff while alighting from a passenger train of the defendant company. She alleges in her petition, that on the day of the injury complained of, she went to the depot for the purpose of seeing on board a seven-year old child who was going to Macon over the defendant's line of road.   When the train arrived at the depot, the plaintiff, addressing a named man who was going on the same train, said, in the presence and hearing of the conductor, "When you get to Macon, please take charge of this little child until her

father comes to meet her;" and, turning to the conductor, she said, "I want to give you this child's ticket, for fear she will lose it before you get back to her." And then, the conductor not offering to assist the child on the car, the plaintiff got on the car, "in the presence of the conductor, [who] knew that she was in there and that she was intending to get out again before the car moved away," her purpose being to procure a seat for the child and bid her good bye. As she got inside the car "the conductor of said train, contrary to his usual custom and without warning to . . petitioner, careless and negligent of . . petitioner's rights and safety, signalled the engineer to go ahead. On the signal from the conductor, without a whistle, the engineer moved his train and simultaneously rung his bell. . . Petitioner being a woman and unused to traveling or to trains, remembering too she had no money with which to pay her fare, and remembering also that she had to remain at Warrenton for the opening of school next morning, and remembering in an instant that she would probably, for personal reasons, meet with but little personal courtesy from Mr. Oliver, the conductor of said train, became greatly excited, and thinking she could get off said train in safety and with due care (which she could have done had the train moved forward with its usual speed), walked hurriedly to the door and out upon the platform of said car. When . . petitioner reached the platform she discovered that the train was going too fast to alight with safety, and undertook to recover herself, but such was the momentum and excitement brought about by the carelessness and negligence of the agents of the defendant company, together with the great speed of the train and the jerks of the car as it ran over the rough crossing, that . . petitioner could not recover control of her movements, and she, though exercising due care and caution, fell from the steps of said car upon the ground, seriously injuring and damaging her." The specific acts of negligence complained of consisted, in substance, in not giving her time to alight from the train; in moving the train forward more rapidly than usual, and without warning to her, and "in allowing gravel, sand and trash to accumulate on the crossing at the depot, so as to cause the cars to shake and jerk when going over the crossing rapidly." And in another paragraph the plaintiff alleges, that "She observed ordinary and reasonable care while on said train, and in attempting

to alight from said train, . . but . . the car moved off much more rapidly than it usually does; and that after she had gotten upon the platform and steps of said car and discovered the speed of the car, it was too late for her to recover control of herself; and the jerks of the car, together with her own movements, threw her violently to the ground, without any thought on her part of injuring and damaging her in the manner above alleged."

The defendant demurred generally to the petition, on the ground that the plaintiff had failed to set forth a cause of action. The court overruled the demurrer, and the defendant excepted.

*Joseph B. & Bryan Cumming,* for plaintiff in error.

*E. P. Davis,* contra.

BECK, J. (After stating the facts.)

By reference to the petition it will be seen, that the plaintiff, after having conducted the child in her charge into the car, hurried to the platform of the car, and when she reached the platform she discovered that the train was running at a rapid rate; and while the pleader, in drawing the petition, did not so state in plain terms, it is clear, from reading the entire petition and construing it most strongly against the pleader, that the plaintiff, after having become aware of the high rate of speed, went upon the steps of the platform. That the train was going too rapidly to permit her to alight in safety was seen by her before she reached the steps; because that was apparent, as she declares, as soon as she "reached the platform." That being true, she should have stopped there and not have ventured upon the steps. Had she gone no further than the platform, she would not have been placed in the last perilous position from which she fell. There is no allegation that she fell from the platform to the steps and thence to the ground. There is a distinct hiatus in the statement of the different stages of progress by which she reached the steps after having perceived that the train was running at its rapid rate of speed. That she had an opportunity of stopping after discovering the rapidity with which the train was running is not negatived by the allegation of any fact. After the danger was obvious to her she should have gone no farther in her rash attempt to leave the train. Relatively to the question for decision here, we find the true doctrine is well enunciated by an able text-writer, and it is as follows: "It may therefore be affirmed, on the one hand, that

when a train stops at a station to which the company contracts to carry a passenger, the company is liable if reasonable time to leave is not afforded, and the passenger is injured in an attempt to leave after it has started, and while in motion, if he does not, in getting off, incur a danger obvious to the mind of a reasonable man; and on the other hand that, although the company has failed in its duty of stopping the train at the station for a reasonable time to allow the passenger to alight,—yet if he attempts to do so after the train has acquired such a rapid motion as to make it obvious to a man acting reasonably under the same circumstances, that an attempt to alight would be attended with danger, he can not make the negligence of the company a ground for recovering damages from it in case he is hurt, but his hurt will be imputed to his own negligence as the proximate cause of it." 3 Thomp. Neg. 344. See also Hutchinson on Carriers, §1179 et seq., where a similar rule is laid down. And this doctrine, as stated by both of the text-writers just referred to, was approved in the recent case of *Turley* v. *Railway Co.*, 127 *Ga.* 594. And that rule is not in conflict with the decisions of this court cited by counsel for defendant in error.

The case just cited accords full recognition to the soundness of the ruling made in the case of *Suber* v. *Railway Co.*, 96 *Ga.* 42, and follows it; but the case at bar on its facts is easily distinguishable from the *Suber* case and the cases following it. In *Suber's* case it appears that the train from which the plaintiff was attempting to alight when injured "was moving slowly; the plaintiff supposed it was going at the rate of three miles an hour." And this court held that the court below erred in granting a nonsuit. But our attention has not been called to any case where it was held that one voluntarily attempting to leave a train after it had attained a high rate of speed, and when the party attempting it saw that it was not safe to alight (as, it is fairly inferable from this entire petition, was the case with the defendant in error), could recover for injuries incurred by reason of the perilous attempt. In the case of *Meeks* v. *Railroad Co.*, 122 *Ga.* 266, the plaintiff was nonsuited. It appears from the statement of facts in that case that Meeks, relying upon a promise of the conductor to notify him "when to get aboard," but which was not done, attempted to get aboard a train that was in motion. He had seized the hand-rail,

and had one foot on the step, when the engine gave a jerk, "which misplaced his foot and left him in a swinging position, his hands still clinging to the railing, and caused his leg to strike against the depot platform, injuring him." It does not appear that the train was moving rapidly when Meeks attempted to board it. The contrary is to be inferred from the record as it appears in the report. Yet the court affirmed the judgment awarding a nonsuit, holding, that "under this evidence, the trial judge was right. It clearly appears that Meeks could have avoided the injury to himself by the exercise of ordinary care." In the case of *Watson* v. *Railway Co.*, 81 *Ga.* 476, it was held that a passenger could not recover for injuries sustained in consequence of attempting to alight from a moving train at a crossing where the conductor had promised to stop, but which he failed to do. It does not distinctly appear from the statement of facts whether the train was moving slowly or rapidly when the plaintiff attempted to alight, though there, as in the *Meeks* case, it is to be inferred from collateral facts that the train was going slowly, for the husband of the plaintiff took one of their children off, placed the child on the ground, and ran back, took off another child, and "then plaintiff attempted to step off." A judgment of nonsuit was awarded, and that judgment was affirmed.

It is urged, as an excuse for plaintiff, that she was excited. It would seem that in the two cases last cited the same cause for excitement on the part of the plaintiffs existed, and in the last case, apparently, greater cause; for the plaintiff, a woman, was about to be separated and carried on and away from her husband and children who had alighted. Except in causing the train to start before the plaintiff had alighted therefrom, there is not a well-pleaded act of negligence on the part of the defendant set forth in the petition. It is not even alleged that the jerk of the car, which, "together with her [plaintiff's] own movements threw her violently to the ground," was unusual, unnecessary, or negligent. In what proportion the jerk, and in what proportion "her own movements," contributed to the plaintiff's loss of footing on the steps and her fall to the ground, we are left to conjecture, but in any view of the case, as set forth in the petition, we are constrained to hold that the injuries sustained by her were the result of a failure upon her part to exercise ordinary care to avoid the conse-

quences to herself of the alleged negligence upon the part of the railroad company. And that appearing, the general demurrer should have been sustained.

*Judgment reversed.   All the Justices concur.*