### SHUMATE v. LOUISVILLE & N. R. CO. et al.

(Circuit Court, N. D. Georgia. January 4, 1908.)

CARRIERS—INJURY TO RAILROAD PASSENGER—ORDINARY CARE BY PASSENGER—STANDING UPON PLATFORM.

Under Ga. Civ. Code 1895, § 3830, which provides that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover," a declaration in an action by a passenger against a railroad company to recover for a personal injury does not state a cause of action where it shows that plaintiff was a railroad employé, that while riding as a passenger on defendant's road he went out upon the platform of the car as the train was passing through railroad yards approaching a station and stood near the step with one hand upon the hand rail, and that he was thrown to the ground by a violent jerk of the train, ordinary care requiring him under such circumstances to remain in the car until the train stopped.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1376–1379.]

At Law. Action for damages. On demurrer to declarations.

This suit was brought by the plaintiff against the defendants to recover damages for certain injuries alleged to have been received by the plaintiff while endeavoring to alight from a moving train of the defendant companies, as it was slowing down preparatory to stopping at the station in Atlanta. Plaintiff alleges that he was an employé of defendants, but was riding upon defendants' train as a passenger, coming from Ingleside to Atlanta; that as the train approached the station in Atlanta, passing through the railroad yards, plaintiff went upon the platform of the car, preparatory to alighting from the train, and while standing upon the platform, at or near the top step with his hand upon the hand rail or grab iron, the train gave a sudden violent jerk, which threw the plaintiff from the platform to the ground and under the wheels of the car, and that plaintiff's leg was so badly crushed that it had to be amputated. To the declaration setting up these allegations, a general demurrer was filed upon the ground that the declaration failed to show a cause of action. Argument was had on the demurrer, and the matter submitted.

Arnold & Arnold, for plaintiff.
McDaniel, Alston & Black, for defendants.

NEWMAN, District Judge (after stating the facts as above). Under the decision of the Circuit Court of Appeals for this circuit in Illinois Central R. R. Co. v. Warren, 149 Fed. 658, 79 C. C. A. 350, it is clear that this suit cannot be maintained unless the doctrine of comparative negligence, as it exists in Georgia, can be invoked by the plaintiff.

This doctrine of comparative negligence is gathered from two sections of the Civil Code of Georgia of 1895. Section 2322 is in this language:

"No person shall recover damage from a railroad company for injury to himself or property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him."

And section 3830 is as follows:

"If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. But in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained."

From these two sections it is clear that if the plaintiff, by the exercise of ordinary care, could have avoided the injury he cannot recover. Here, the plaintiff went voluntarily upon the platform of the car while it was in motion, and was, as he says in his declaration, at or near the top step with his hand on the hand rail or grab iron, and when the sudden and violent jerk came he was thrown from the platform to the ground under the wheels of the car. The train was at that time, as gathered from the declaration, passing through the railroad yards, and near the depot. It should, it seems to me, be a matter of common knowledge as to how trains stop and start in passing through railroad yards, when approaching a depot. This should certainly be true in the case of a railroad employé, as the plaintiff was. In going upon the platform in this situation he took the risk. If he had remained in the car until it stopped, there is no reason whatever to suppose that he would have been injured in any way. I do not think the case comes within the authority cited by plaintiff's counsel in Suber v. Railroad Co., 96 Ga. 42, 23 S. E. 387, but rather within the class of cases such as Blitch v. Central Railroad, 76 Ga. 333, Meeks v. Railroad Co., 122 Ga. 266, 50 S. E. 99, and Railroad Co. v. Edmundson, 128 Ga. 478, 57 S. E. 877, in which it is held that, where the case discloses the fact that the plaintiff by the exercise of ordinary care could have avoided the injury, the court should so hold as a matter of law.

In Blitch v. Central Railroad, supra, the plaintiff went upon the platform of a moving train, having apparently been misled by the remarks and actions of the conductor as to the proximity of the train to his station, and was thrown from the platform and injured. In that case the court said:

"We think it quite clear from the plaintiff's own testimony that the railroad company was not at fault or in anywise negligent. The mere announcement by the conductor of the station the train was approaching cannot be construed into an act of negligence on the part of the company. It was but the cus-

tomary warning to passengers to get ready for their departure by looking after their luggage and such parcels as they carry with them. It is also manifest that the injury was caused by the negligence of the plaintiff in going upon the platform of a car moving rapidly in the dark, of his own motion, whereby he was thrown off and seriously injured; and, lastly, it is shown by plaintiff's testimony that if there was negligence on the part of the company's agent, the same could have been avoided by his having used ordinary care and diligence on his part. All he had to do would have been for him to have remained in the car where he was until its arrival at the station, and until it stopped, which course it seems common prudence would have dictated to him. So it appears that the plaintiff, in trying to make out his case, made out a full and perfect defense for the defendant, rebutting all presumption of negligence against it."

The case of Railroad Co. v. Harmon, 147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284, is inapplicable here. That was a street car case. That alone would distinguish it from the case at bar, and any language used by the Chief Justice in the opinion must be taken to have been used with reference to that fact. It would be a very hard rule that would hold a locomotive engineer to the duty of so running and controlling his train as not to injure persons standing upon the platform or steps of a passenger coach. To hold this would in effect be holding that an engineer must anticipate that persons would be upon the platform and steps, and handle his engine and train accordingly. This cannot be the law.

Believing as I do that the plaintiff's declaration fails to state a cause of action, the demurrer must be sustained, and an order may be taken to that effect.