## SOUTHERN RAILWAY COMPANY *v.* NICHOLS.

1. In an action against a railroad company by an employee to recover damages for a personal injury alleged to have been sustained by the employee while traveling as a passenger, where the railroad company pleads the employee's release upon a consideration of one dollar as an accord and satisfaction, it is competent for the employee to amend his petition by alleging that the release was procured by fraud. An amendment which alleges that the employee was induced to sign the release upon the false representation of the agent that the company's surgeon pronounced his injury slight, and that he would be able to resume work in a few days, and upon the company's agent delivering to him at the time an order directing the employee's immediate superior officer to restore him to his former situation, signing the superintendent's name, which order was issued without the superintendent's authority and repudiated by the company, and that as soon as he was refused employment he tendered the dollar to the agent who gave it to him, which tender was refused, is sufficient to raise the issue of fraud in the procurement of the release.

2. The amendment related to a single subject-matter, and was properly incorporated in a single paragraph.

3. Where in a joint action of negligence in the State court against three defendants a peremptory instruction is given on the trial in favor of the two defendants who are residents of the State, this does not entitle the other, although a citizen of another State, to remove the case to the United States court because of diverse citizenship.

4. Where the court, after reading from the Civil Code, § 2322, that "if the complainant and the agents of the railroad company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him," immediately added, "but in this connection I charge you that the plaintiff can in no event recover if he could by the exercise of ordinary care and diligence have prevented the injury," such instruction is not open to criticism as authorizing a recovery although the plaintiff's negligence may have been the preponderating cause of the injury.

5. Where it appeared that a passenger, having plenty of time to get on a train while it was standing, waited until it began to move, and in an attempt to get on board by seizing the railing of the car his projecting body came in contact with a pair of trucks left near the track on the station premises, and thus he was injured, he can not recover damages on the ground that the railroad company was negligent in allowing the trucks to be placed near the track.

AUGUST 10, 1910.

Damages.    Before Judge Fite.    Whitfield superior court.    July 12, 1909.

McDaniel, Alston & Black and Maddox, McCamy & Shumate, for plaintiff in error.

George G. Glenn and Westmoreland Brothers, contra.

EVANS, P. J.    James E. Nichols brought suit against the Southern Railway Company, R. C. Craig, its depot agent, and J. W. Walker, the agent of the Southern Express Company, to recover damages for personal injuries.    He alleged, that he was employed as an engineer on a freight-train of the railway company; that he ran his train into Chattanooga, Tennessee, where he boarded an outgoing passenger-train for Atlanta, Georgia; that he had previously asked for and was expecting a telegraphic pass, authorizing him to be carried on the passenger-train, and so informed the conductor; that the plaintiff inquired of the operator at Ooltewah, Tennessee, at the office, and the pass not being there he reboarded the train and informed the conductor that he had not received the pass, but that he would get it when the train reached Dalton; that the conductor assented to this; that when they reached Dalton the plaintiff left the train, went into the office, and inquired about the pass, and, learning that it was not there, he determined to reboard the train and pay his fare; that before he had time to get on, the train, without warning, started off, and he had to run to catch it; that he caught the train safely, and, while in the act of swinging himself on the steps and platform, his body came in contact with a pair of trucks which had been left so close to the coach as to

strike him, knocking him off the steps before he swung his body clear; that but for the trucks striking him he would have boarded, as it was not moving so fast as to be dangerous to do so, he frequently having boarded trains safely going at a higher speed; that Craig, the depot agent, was negligent in that it was his duty to see that the trucks were not left so near the side of the coach as to endanger passengers or others in attempting to board the car, and he failed to perform this duty; that the trucks belonged to the Southern Express Company, and had been placed so near the side of the coach as to endanger passengers or others attempting to board the train, and the express agent either placed the trucks there or allowed them to be so placed, which was negligence on his part; and that the conductor was negligent in starting the train without giving him time to get back from the office to board the same. The railroad company filed its plea, and at the trial amended it by setting up an accord and satisfaction, in that the plaintiff had been settled with, and in consideration of one dollar had signed a release covering the injuries sued for; whereupon the plaintiff amended his declaration, attacking the plea of accord and satisfaction, and alleging that the release was procured by fraud. The defendants demurred to the amendment, and the demurrer was overruled. At the conclusion of the evidence the court announced that he would instruct the jury that there could be no recovery against Craig and Walker; whereupon the railroad company filed its petition to remove the cause to the United States court. The petition was in the form prescribed by the act of Congress, and was accompanied with a bond. The court refused to grant the order of removal, and exception was taken. Pending the argument the plaintiff again amended his declaration, alleging an additional act of negligence. A verdict was rendered for the plaintiff. A new trial was refused, and the defendant excepted.

1, 2. The demurrer to the amendment attacking the release set up by the defendant as a plea of accord and satisfaction was upon the grounds, that it was not set out in orderly paragraphs, consecutively numbered; that the facts alleged were insufficient to constitute fraud; that it did not appear that the tender was a continuing one, or made to a person having authority to receive it; and that the amendment undertook to vary a written contract. The original petition set out that the plaintiff had received serious and perma-

nent injuries. The amendment alleged that the plaintiff would not have settled with the company for the nominal sum of one dollar, except that the agent of the company had practiced an artifice to obtain the release. The device was a false representation by the agent that the surgeons of the defendant company, who alone had examined the plaintiff, pronounced his injuries of a trifling character; and the assurance that he would be allowed to resume his work as an engineer of the freight-train. This assurance was in the form of an order purporting to be signed by the superintendent of the defendant company, afterwards repudiated by him and the company. If these be the facts, it is apparent that the plaintiff accepted a nominal sum in settlement of his injuries because of this artifice. A contract obtained under such circumstances is fraudulently procured. As soon as the plaintiff discovered that the agent's representations were false, and that the company would not allow him to continue in its employment, he tendered the money back to the company's agent from whom he received it. He properly tendered the money to the same person whom the company used as a means of obtaining the execution of the paper. The amendment related to only one subject-matter, and could properly be incorporated in a single paragraph.

3. The right to remove to the Federal court a suit against three tort-feasors, one of whom is a non-resident, is dependent upon the case as made upon the pleadings, and is not contingent on the aspect the case may have assumed on the facts developed on the merits of the issues tried. The petition presented a joint cause of action against the resident and non-resident defendants. A peremptory instruction given upon the trial in favor of the two defendants who were residents of the State does not entitle the other, although a citizen of another State, to remove the case to the Federal court because of diverse citizenship. Kansas City etc. Ry. Co. *v.* Herman, 187 U. S. 63 (23 Sup. Ct. 24, 47 L. ed. 76) ; 2 Foster's Federal Practice, § 384 (b).

4. The court charged the jury in the language of the Civil Code, § 2322, that "No person shall recover damage from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the

jury in proportion to the amount of default attributable to him."
This last sentence is said to be error, because it authorized a re-
covery if the plaintiff's negligence was equal to, or greater than,
that of the defendant's.    An inspection of the charge shows that
immediately after reading this section the court added, "But in
this connection I charge you that the plaintiff can in no event re-
cover if he could by the exercise of ordinary care and diligence have
prevented the injury."   The qualification which the court put upon
Civil Code, § 2322, is that contained in Civil Code, § 3830, which
two sections are in pari materia; and neither did the court confuse
the two sections, nor was the charge open to the criticism that it
allowed the plaintiff to recover if his negligence was equal to, or
greater than, that of the defendant.    Indeed, the charge was
modeled after the form suggested in *Americus etc. Railroad Co.* v.
*Luckie,* 87 *Ga.* 6 (13 S. E. 105).

5.  If a passenger is given ample time to get on a train before
it starts from the station, and he needlessly waits until the train
is in motion before attempting to board it, and is injured in his
effort to get aboard, but not from any negligence of the company,
the latter would not be liable in damages for the injury.    *Rich* v.
*Georgia Southern & Florida R. Co.,* 118 *Ga.* 259 (45 S. E. 268);
*Meeks* v. *A. & B. Railroad Co.,* 122 *Ga.* 266 (50 S. E. 99).   How-
ever, if it may be inferred from the circumstances that the passen-
ger was not lacking in ordinary care in attempting to board the
car in motion, and would not have been injured but for some super-
vening negligent act of the railroad company, it should be left to
the jury to determine the relative diligence of the company and the
passenger.    If the company was negligent in allowing an obstruc-
tion upon the depot premises so near the track, and the passenger
in boarding the car exercised ordinary care, he would be entitled
to recover.    On the other hand, if the company was not negligent,
or if the passenger failed to observe due care in boarding the train,
he could not recover.    It then becomes necessary, in reaching a
conclusion in the case, to ascertain whether the evidence showed
that the plaintiff's injury was caused by the failure of the railroad
company to discharge any duty that it owed to him as a passenger.
The plaintiff had been assured by the train dispatcher that he
would be given a telegraphic pass, and was riding upon the car,
with the consent of the conductor, expecting that the pass would be

delivered at an intermediate station. When the train stopped at Dalton the plaintiff left the car and entered the station-house to enquire if his pass had been received. The telegraph operator informed him that he had not received it, but was wiring for it. According to the plaintiff's own testimony, after having received this information from the operator, he had ample time to return and board the train while it was stopped. Instead of doing this, he tarried in the station-house to converse with a friend, and while thus engaged he saw the train moving off, and immediately ran to catch it. His purpose was to get aboard the forward end of the first-class coach, but a man was in his way, and he waited until the rear end of the coach reached him, when he seized the railing, and just as he placed his feet upon the steps for the purpose of drawing himself up he was struck by the trucks and knocked under the car. The plaintiff said the trucks which knocked him off were those employed by the company for handling the baggage; one of his witnesses declared that they belonged to the Southern Express Company and were used in the express business. There was no dispute that the train stopped at the usual place sufficiently long to receive and discharge passengers. The train officers testified that the usual signals were given for the train to start. The plaintiff, who was in the station-house talking with a friend, said he did not hear the signal. We do not think this negative testimony sufficient to raise a conflict on this point. The only act which the plaintiff by his testimony seeks to impute to the company as negligence is that contained in the amendment. There it was alleged, that it was the duty of the railroad company to keep its depot premises in a reasonably safe condition, and free from obstructions so near its track as to endanger passengers in leaving or boarding its train, when in the exercise of ordinary care; that the railroad company failed to observe this duty when it permitted the trucks which struck the plaintiff to be placed dangerously near the track; that these trucks were an obstruction in plain view of the conductor in charge of the train, and it was negligent in him to move the train before the trucks had been moved to a safe way from the track, as passengers were in the habit of boarding the cars while in motion, and this was known to the conductor. In *Central Railroad Co.* v. *Perry,* 58 *Ga.* 468, it was said by Bleckley, J., that "Ordinarily a railroad company has a right to expect that passengers will get on and off

at the place provided for them, and there only. It can not be stated as a proposition of law that it is a duty to keep the track clear for pursuers, or that a passenger has a right to chase a flying train. As a general rule, on the contrary, no such duty or right exists, and, for the sake of the public as well as of the company, it is better they should not exist." It is unquestionably true that a railroad company must use due care in providing a reasonably safe place at depots and regular stopping-places, so as to enable passengers to get on the train with safety to their persons, and not move its train until passengers are given a reasonable opportunity to get off and on the cars. When the railroad company discharged its duty in this respect, it did not owe to the plaintiff the further duty to provide means by which he could board the cars while in motion. *Simmons* v. *Seaboard Air-Line Ry.*, 120 *Ga.* 225 (47 S. E. 570). Chicago & Northwestern Ry. Co. *v.* Scates, 90 Ill. 586. The plaintiff, therefore, failed to show that the railroad company was negligent, and his injury was the consequence of his own voluntary act. . We have discussed the case on the hypothesis that the plaintiff was injured by coming in contact with the trucks. It was the contention of the railroad company (and evidence was submitted tending to prove it) that the plaintiff was in an intoxicated condition, and was injured by slipping from the steps in his efforts to board the train, and was not struck by the trucks at all. The evidence did not warrant the verdict; and some of the instructions were not altogether in harmony with the views expressed herein. The rulings on the exclusion and admission of evidence were not erroneous.

*Judgment reversed. Beck, J., absent. The other Justices concur.*