SOUTHERN RAILWAY COMPANY *v.* NICHOLS.

ATKINSON, J. 1. This case was before the Supreme Court on a former occasion, when a new trial was ordered. *Southern Railway Co.* v. *Nichols,* 135 *Ga.* 11 (68 S. E. 789). On the second trial it was error to permit a witness, over the objection that it was immaterial, to testify, in effect, that at the place of the injury, both before and subsequently to the time of the catastrophe, he had seen other persons get on and off moving trains which were going faster than was the train at the time of the injury. In this connection see *Metropolitan Street R. Co.* v. *Johnson,* 91 *Ga.* 466 (2), 470 (18 S. E. 816).

2. The expressions "plenty of time" and "ample time," as employed in the excerpts from the charge excepted to in the eleventh and twelfth grounds of the motion for new trial, were inaccurate. If the plaintiff was entitled to have the defendant give him any time in which to

go to the ticket-office and window, it should have been a reasonable time under all of the circumstances.

3. The pleadings and evidence presented issues as to whether it was proper for the plaintiff to leave the train and go to the ticket-office for his pass, and whether that was the purpose for which he went, upon which the judge could not express an opinion or assume to decide. Accordingly, it was erroneous to charge: "If you find from the evidence that the train of the defendant company was stopped at the station in Dalton long enough for the plaintiff to get off and go to the telegraph-office and attend to the business in hand, to ascertain whether or not his pass had been delivered, whether it ·was there for him or not, and long enough for him then to have returned to and got aboard the train before the train started, then he can not recover;" also: "if the train did not stop long enough for that purpose, and when he discovered that the train was moving, he undertook to board the moving train, and exercised ordinary care in doing so, and would have done so but for the fact that his body came in contact with the trucks, and the defendant company was negligent in leaving the trucks there or starting the train while the trucks were dangerously near the train, then he can recover."

4. Other assignments of error upon remarks of the court while a witness was being examined, and upon failure to properly state the contentions of the parties, and upon the charge of the court, were insufficient to require the grant of a new trial.

5. Inasmuch as a new trial will be ordered upon the rulings as indicated by the preceding headnotes, no decision will be made as to the sufficiency of the evidence to support a verdict in favor of the plaintiff.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*

FEBRUARY 27, 1912.

Action for damages. Before Judge Fite. Whitfield superior court. January 21, 1911.

*McDaniel & Black* and *Maddox, McCamy & Shumate,* for plaintiff in error. *Westmoreland Brothers* and *W. E. Mann,* contra.