5208.    CHISHOLM *v.* ATLANTIC COAST LINE RAILROAD
COMPANY.

1. It appearing from the petition that the injuries on account of which the suit was brought were the result of failure on the part of the injured person to exercise due care to avoid the consequences to himself of the alleged negligence of the railroad company, the court did not err in sustaining a general demurrer to the petition.
2. The petition having been dismissed on general demurrer, there was no abuse of discretion in refusing to allow it to be amended.

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Savannah—Judge Davis Freeman. August 25, 1913.

James Chisholm, by his next friend, Zack Chisholm, sued the Atlantic Coast Line Railroad Company for damages on account of personal injuries. In the first count of the petition it is alleged: The defendant is a corporation having offices and agents, and a place of doing business, in Chatham county, Georgia, and operates a line of railroad between Hardeeville, South Carolina, and Charleston, South Carolina, by way of Green Pond, South Carolina, and a branch line of railroad between Green Pond and points in South Carolina, beyond Walterboro, South Carolina, and did so operate said lines of railroad on April 18, 1911. On April 18, 1911, the plaintiff was 16 years old. He was employed by defendant on a work-train as work-hand. He was earning $1.10 per day. He was in good health, strong, hearty, and able bodied for a boy of that age. On said day and date plaintiff belonged to a gang working on a work-train in charge of a Mr. Smart, who was foreman of said gang. Each member of said gang, including plaintiff, was sub-

ject to his orders. Said work-train had been working on the Charleston end of the road, and returned to Green Pond at about 12 o'clock in the said [day?]. Said train consisted of an engine, a tender, three flat cars, and three shanty cars. The tools of the gang were in the tender of the engine, and Mr. Smart ordered them changed from the tender to a flat car. This was done by throwing them on the ground and then reloading them on the flat car. The train was bound for Walterboro or some point beyond, to do some work on that branch of the road. When ordered to change the tools, plaintiff, with the rest of the gang, proceeded to execute the order. Before the tools were all placed upon the work car, and while the plaintiff was placing them from the ground onto the flat car, the said foreman ordered the train to proceed, and the train started off towards Walterboro. Plaintiff threw a shovel upon the train and undertook to get on the middle shanty car, but, by reason of the motion of the train, he missed his footing and fell down, and his left leg was cut off above the ankle. Said foreman ordered said train forward before the gang had time to load the tools. The train was started before the gang had finished loading the tools. The foreman knew, when he gave orders for the train to start, that the tools had not been loaded. In the exercise of ordinary care the foreman could have known that the tools had not been loaded, when he ordered the train to proceed. It was the duty of defendant to give plaintiff a reasonable time and opportunity to load the tools. It was the duty of the defendant to keep the train stationary while plaintiff was loading the tools. It was the duty of the defendant to keep the train stationary until the plaintiff had got upon the train. Defendant was negligent as follows: (a) in starting the train before plaintiff had finished loading the tools; (b) in starting the train before plaintiff had got upon the train. Each of the foregoing acts of negligence contributed to and concurred in causing plaintiff's injury. Article 9, section 15, of the constitution of the State of South Carolina provided as follows: "Every employee of any railroad corporation shall have the same rights and remedies for any injury suffered by him from the acts or omissions of said corporation or its employees as are allowed by law to other persons not employees, when the injury results from the negligence of a superior agent or officer, or of a person having a right to control or direct the serv-

ices of a party injured, and also when the injury results from the negligence of a fellow servant engaged in another department of labor from that of the party injured, or of a fellow servant on another train of cars, or one engaged about a different piece of work. Knowledge by any employee injured of the defective or unsafe character or condition of any machinery, ways, or appliances shall be no defense to an action for injury caused thereby, except as to conductors or engineers in charge of dangerous or unsafe cars, or engines voluntarily operated by them." Plaintiff could not have avoided injury by the exercise of ordinary care. If he had not got upon the train he would have been left at a station far distant from his home, without means of subsistence. It was necessary for him to get upon the train to continue his work. Getting upon the train at the time and place was not obviously dangerous to a boy of his age, in the exercise of ordinary care. By reason of the injuries aforesaid, plaintiff suffered, now suffers, and will always suffer, great pain, both physical and mental. His earning capacity has been diminished at least 75 per cent. His injuries are permanent, and the diminution in his earning capacity will always remain. By reason of the injuries aforesaid, defendant damaged plaintiff in the sum of $3,000, which sum defendant refuses to pay. The second count of the petition is in the same language as the first, except that in the second count it is alleged that the plaintiff and the defendant, at the time of the injury, were engaged in interstate commerce.

The court sustained a general demurrer to each count of the petition and dismissed the action.

On the following day and during the same term of the court the plaintiff offered an amendment in this language: "Now comes the plaintiff at the July term of court, at which the order sustaining the general demurrer was granted, and the day after said order was passed, and offers to amend each count of his petition as follows: First: By adding to each count of the petition the following paragraph . . : 'The reason plaintiff did not get on the train sooner was that the gang consisted of fifteen or twenty men. Plaintiff was the youngest, weakest, and smallest in the gang. All the gang ran and crowded to get on the train. By reason of plaintiff being the youngest, smallest and weakest, he was forced to get on last.' Second: By adding the following paragraph

to each count . . : 'The train was not running at exceeding five miles per hour.' Whereupon plaintiff prays that the case be reinstated and that this amendment be allowed, and that plaintiff be then heard upon the general demurrer." The court disallowed the amendment. The plaintiff excepted, assigning error on each of the rulings stated.

*Osborne & Lawrence*, for plaintiff.

*P. W. Meldrim, Shelby Myrick*, for defendant.

ROAN, J. The disallowance by the court of an amendment to the petition, offered after the action had been dismissed on general demurrer, was not erroneous; for at the time the amendment was offered there was no petition in court to be amended. The case of *Sullivan* v. *Rome R. Co., 28 Ga.* 29, cited by the plaintiff to sustain his right to amend, has no application to this case, as that was a case in which the court below first nonsuited the plaintiff, and the Supreme Court reversed this judgment and sent the case back to the court below, and the judgment of reversal had to be carried out 'by the circuit court, and, therefore, there was a proceeding pending in the court below, subject to proper amendment at that stage of the proceeding. The cases of *Green* v. *Massee & Felton Lumber Co., 6 Ga. App.* 389 (65 S. E. 44); and *Kennedy* v. *Gelders, 7 Ga. App.* 241 (66 S. E. 620), where the appellate court sent the cases back with leave to amend, are not in point, for the direction in those cases was to allow an amendment of something that would be pending in the court at the time of the amendment. In the present case the petition had been dismissed, and the proceedings on it had ended before any offer to amend was made.

The original petition stated no cause of action, and the court committed no error in sustaining a general demurrer thereto. The allegations of negligence set out therein are, that the defendant company was negligent because the foreman ordered the train forward before the gang, of which plaintiff was one, had time to load the tools; that the train started before the gang had finished loading the tools; that the foreman knew, when he gave the order to start, that the tools had not been loaded; and that it was the duty of defendant to keep the train stationary while the plaintiff was loading the tools, and that the defendant was negligent in starting the train before plaintiff had got upon the train. For a conductor or foreman to order his train forward is not in itself an act of negligence. That the plaintiff and the gang with whom he was

working had not finished loading the tools when the train started was not the proximate cause of the alleged injury to the plaintiff. The proximate cause was the effort made by the plaintiff to board the train when it was apparent to him that the train was in motion, and it must have been obvious to him that it was a dangerous undertaking.   In the exercise of ordinary care which he owed for his own protection, he should not have taken this risk.   It is not alleged, as an act of negligence on the part of the defendant, that at the time the plaintiff undertook to board the train there was anything out of the ordinary or unexpected to him in the movement of the train, such as a violent, sudden jerk, or an accelerated speed of the train, or something similar, tending to disconcert him in his calculations.   It appears simply that he saw it was moving, made an effort to board it, missed his footing and fell, and was accidentally injured.   This would not, if proved, confer upon the plaintiff a right to recover, as the defendant was simply exercising the right it had to move its trains from one point to another; and the plaintiff, not being in the exercise of reasonable care, is alone responsible for his injuries.   No case has been cited sustaining the contention that an employee or servant of a railroad company is entitled to recover from the company where, in the effort to board a moving train, he missed his footing and is injured, and we know of no authority to sustain such a contention, but abundant authority can be cited to the contrary.   See *Louisville & Nashville R. Co.* v. *Edmondson,* 128 *Ga.* 478 (57 S. E. 877); *Hill* v. *Louisville & Nashville R. Co.,* 124 *Ga.* 243 (52 S. E. 651, 3 L. R. A. (N. S.) 432); *Southern Railway Co.* v. *Nichols,* 135 *Ga.* 11 (68 S. E. 789); *Ricks* v. *Georgia Southern & Florida Ry. Co.,* 118 *Ga.* 259 (45 S. E. 268).          *Judgment affirmed.*