7907. HAYNIE *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

LUKE, J. 1. Where, in a suit against a railway company for damages on account of personal injuries, it was alleged that the plaintiff, after having purchased from the defendant a ticket for transportation as a passenger on a certain train of the defendant from a named station, boarded the train safely by placing his left foot on the bottom step of the smoking-car as it was moving slowly from the station building at a rate of speed not exceeding three miles an hour, and at a distance of about ten yards from where the rear end of the car had stopped to discharge and receive passengers, and that, as he was in the act of placing his right foot on the second step of the car, the train, without any

warning or notice, gave a sudden, violent, unusual, and unnecessary jerk, which threw him from the train and caused the injuries complained of, and that "the agents of said railroad, in charge of said train, saw petitioner as he was approaching said train to board the same and while he was in the act of boarding the same," the petition set forth a cause of action and was sufficient as against a general demurrer. Whether, under the circumstances stated in the petition, the conduct of the plaintiff in attempting to go upon the moving train was such negligence as should preclude a recovery is a question for a jury. *Suber* v. *Georgia, Carolina & Northern Ry. Co.,* 96 *Ga.* 42 (23 S. E. 387); *Southern Ry. Co.* v. *Nichols,* 135 *Ga.* 11 (5) (68 S. E. 789); *Central Ry. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430); *Coursey* v. *Southern Ry. Co.,* 113 *Ga.* 297 (38 S. E. 866); *Southern Ry. Co.* v. *Parham,* 10 *Ga. App.* 531 (73 S. E. 763); *Chisholm* v. *Atlantic Coast Line R. Co.,* 14 *Ga. App.* 166 (80 S. E. 528). The omission of the names of the railroad company's agents "in charge of said train" did not render the petition subject to special demurrer, the train itself being identified by number and further description, and the time and place at which the plaintiff attempted to board it being specified. *Atlanta Ice & Coal Co.* v. *Reeves,* 136 *Ga.* 294 (3) (71 S. E. 421, 36 L. R. A. 1112); *Pierce* v. *Seaboard Air-Line Ry.,* 122 *Ga.* 664 (2) (50 S. E. 468); *Atlantic Coast Line Railroad Co.* v. *Burroughs,* ante, 197 (92 S. E. 1010), and citations.

2. The court erred in sustaining the demurrer and dismissing the petition.

 *Judgment reversed. Wade, C. J., and George, J., concur.*

 DECIDED JULY 25, 1917.

Action for damages; from city court of Newnan—Judge Post. October 13, 1916.

*A. H. Freeman,* for plaintiff.

*Cleveland & Goodrich, A. Sidney Camp,* for defendant.