39241.   JENKINS v. GORDY *et al.*

DECIDED JANUARY 31, 1962.

*Sanders & Mottola, Charles Van S. Mottola,* for plaintiff in error.

*Byron H. Mathews, Jr.,* contra.

JORDAN, Judge.  1.  Under a bond, given by a contractor for the faithful performance of a building contract, which bond provides therein that it is executed by the surety upon the con-

dition precedent that, in the event of any default of the principal, a written statement of the particular facts showing the date and nature of such default shall be immediately given by the obligee to the surety by registered mail to the surety's home office, when an alleged defect occurs, the giving of the required notice thereof is a condition precedent to a recovery on the bond. *Savannah Lighting Co. v. Fidelity & Deposit Co.*, 21 Ga. App. 758 (2) (95 SE 113). Where the existence of such condition precedent affirmatively appears from the petition and exhibits thereto, the failure to allege compliance with said condition precedent or a legal justification for non-compliance renders the petition subject to general demurrer. *Savannah Lighting Co. v. Fidelity & Deposit Co.*, 21 Ga. App. 758 (3), supra.

2. The fact that an action to recover on a contractor's bond is brought under the "Jack Jones Forms" (Ga. L. 1847, p. 203) does not obviate the necessity of setting forth a complete cause of action, which in the instant case includes the averment of compliance with the conditions precedent set forth in the bond sued upon. *Pritchett v. Inferior Court of Bartow County*, 46 Ga. 462.

Section 3 of the act of 1847 (Ga. L. 1847, pp. 203, 204) specifically provides that "when the suit is on a bond, the breach from which arises the right of action shall be set out plainly." In order to set out plainly the breach of the bond from which arises the cause of action, it is necessary to show a valid obligation and to do this there must be alleged facts showing performance or a sufficient legal excuse for nonperformance of the conditions precedent upon which the contract becomes obligatory upon the surety. *Code* § 20-110. The trial court did not err in sustaining the general demurrer to the petition.

3. While the trial judge at his discretion may in his order sustaining a general demurrer allow reasonable time thereafter for the petition to be amended (*Code Ann.* § 81-1001), a judgment sustaining the general demurrer and unconditionally dismissing the petition ends the case, and the disallowance thereafter, by the trial judge of an amendment to the petition is not error. *Cahoon v. Wills*, 179 Ga. 195 (1) (175 SE 563). The disallowance by the trial court of an amendment to the petition in the instant case, offered after the action had been dismissed on

general demurrer, was therefore not erroneous for, at the time the amendment was offered, there was no petition in court to be amended. *Chisholm v. Atlantic C. L. R. Co.*, 14 Ga. App. 166 (2) (80 SE 528).

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*