BLITCH *vs.* THE CENTRAL RAILROAD.

1. An action to recover damages for a personal injury was brought against a railroad company. The plaintiff testified substantially as follows: He was a passenger on defendant's car. When within three or four hundred yards of the station at which he was to stop, the conductor passed through the car, announced the station, and said to the plaintiff, "I wish I was as near home as you are," and passed on to the platform of the next car, leaving open the door of the car in which plaintiff was. The train was in motion, running rapidly. The plaintiff followed the conductor; and when he reached the platform of the car in which he was riding, he attempted to catch the railing, but was precipitated from the car by its motion, and was badly injured:

*Held*, that a nonsuit was properly granted. The customary announcement of the station which the train was approaching was not negligence; the plaintiff's injury was caused by his own negligence; and if the company's agent was negligent, the plaintiff could have avoided the consequences thereof by the use of ordinary care and diligence.

2. There was no error in refusing to allow the plaintiff to prove that the defendant's master of trains had agreed to pay all expenses incurred by the plaintiff on account of his injuries and illness. This agent had no power to bind the company by such a promise, and it was not an admission made by an agent *dum fervet opus.*

March 30, 1886.

Railroads.   Damages.   Negligence.   Nonsuit.   Evidence.   Principal and Agent.   Before Judge ADAMS. Effingham Superior Court.   November Term, 1885.

Reported in the decision.

J. G. & D. H. CLARK, for plaintiff in error.

LAWTON & CUNNINGHAM, for defendant.

BLANDFORD, Justice.

Blitch brought his action to recover damages from the defendant. He was sworn, and testified that he was a passenger on the cars of defendant from Savannah to Number $3\frac{1}{2}$ Central Railroad; that when within three or four hundred yards of the station he was bound to, the conductor passed through the car and announced number $3\frac{1}{2}$, and said to Blitch, " I wish I was as near home as you are," and passed on to the platform of the next car, leaving open the door of the car in which Blitch was. The train was in motion, running rapidly. . Blitch followed the conductor, and when he reached the platform of the car he was riding in, he attempted to catch the railing; he was precipitated from the car by its rolling, and was badly injured. Upon this testimony, the court granted a nonsuit, and plaintiff excepted, and this is here complained of.

The defendant could well have defended itself by showing one of three things: 1. That the defendant had used all ordinary and reasonable care and diligence to prevent the injury. 2. That the plaintiff himself could have avoided the consequences of defendant's negligence by the use of ordinary care and diligence on his part. 3. That the injury resulted from the negligence and fault of plaintiff himself.

1. We think it quite clear from the plaintiff's own testimony that the railroad company was not at fault or in anywise negligent. The mere announcement by the conductor of the station the train was approaching cannot be construed into an act of negligence on the part of the company; it was but the customary warning to passengers to get ready for their departure by looking after their luggage and such parcels as they carry with them. It is also manifest that the injury was caused by the negligence of the plaintiff, in going upon the platform of a car moving rapidly in the dark, of his own motion, whereby he was thrown off and seriously injured : and lastly, it is shown

by plaintiff's testimony that if there was negligence on the part of the company's agent, the same could have been avoided by his having used ordinary care and diligence on his part. All he had to do would have been for him to have remained in the car where he was until its arrival at the station and until it stopped, which course it seems common prudence would have dictated to him. So it appears that the plaintiff, in trying to make out his case, made out a full and perfect defence for the defendant, rebutting all presumption of negligence against it.

2. One more error is assigned, that the court refused to allow plaintiff to prove by one Snellgrove that defendant's master of train had agreed to pay all expenses incurred by plaintiff on account of his injury and illness.

The court did right to refuse this evidence. This agent of the company had no power to bind the company by such promise, nor is it an admission by an agent made *dum fervet opus*.

The ruling of the court is approved, and his judgment affirmed.