## BRISCOE *v.* SOUTHERN RAILWAY COMPANY.

1. No one is entitled to relief from the consequences of neglecting to exercise ordinary care for his own protection and safety because failure to do so arose from an emergency brought about by his own act in voluntarily placing himself in a situation of peril.
2. The evidence showing that the plaintiff by ordinary care could have avoided the injuries of which he complains, he was not entitled to recover, though the defendant was in some respects negligent; and consequently, there was no error in granting a nonsuit.

Argued December 2, 3, — Decided December 21, 1897.

Action for damages.    Before Judge Reid.    City court of Atlanta.    May term, 1897.

*Glenn & Rountree*, for plaintiff.    *Dorsey, Brewster & Howell* and *Sanders McDaniel*, for defendant.

LUMPKIN, P. J.    Butler street, in the city of Atlanta is spanned by a railway bridge which connects two portions of a high embankment.    Upon this embankment and across this bridge are laid a number of railway-tracks, two of which were used by the Southern Railway Company, during the continuance of the Cotton States and International Exposition, for running trains carrying passengers between the city and the exposition grounds.    For convenience, these two tracks will hereinafter be designated as the "exposition" tracks.    That one of them which was on the northern side or margin of the embankment was used for incoming trains, and the one immediately south of it for outgoing trains, there being between the

two tracks a space of some six or eight feet.   These trains passed every few minutes in either direction.   The other tracks upon the embankment were in constant use for the switching and moving of cars and engines.   The spaces lying between and adjacent to all of these tracks were constantly used as footways by large numbers of pedestrians; not, however, by any express permission from the Georgia Railroad and Banking Company to whom all the tracks belonged, or from the Southern Railway Company which, under a contract with the Georgia company, was using two of them in the manner above stated.   Briscoe, the plaintiff in the present case, was perfectly familiar with all the facts above recited.   On the night of September 30, 1895, he came up Butler street and walked upon the embankment, intending to cross the "exposition" tracks, and also other tracks to the southward of these, for the purpose of mailing a letter in a mail-car which was standing upon one of the latter.   He succeeded in crossing the first "exposition" track, and was about to cross the second, when he observed upon it a train coming towards him; and, in order to avoid being struck by it, he walked backwards towards the first "exposition" track, without looking to see whether a train was coming upon it from the direction of the exposition grounds.   Just as he was stepping over the ends of the crossties or iron rail of this track, he was struck and seriously injured by an incoming train.   There was evidence tending to show that this train was running very rapidly, and at a speed forbidden by a city ordinance.   There was also other evidence tending to show that the engineer upon this train might possibly have seen the plaintiff between the two tracks and have observed that he was moving towards the one upon which this train was running, in time to give him warning of its approach, and yet failed to do so.   The action was for the injury sustained as above shown.   The trial court granted a nonsuit, and the plaintiff excepted.

We shall not discuss the question whether or not the plaintiff should be regarded in the light of a trespasser.   Assuming that he was not, and that he went upon the railroad right of way as a licensee, we are of the opinion that he might, by the

exercise of ordinary care, have avoided the injury which he received. He knew that trains were rapidly and constantly rushing to and fro upon the "exposition" tracks, and that other trains were constantly being moved upon all the other tracks. He therefore deliberately went, at night, into an exceedingly dangerous place, with knowledge of the fact; and even if his presence there was not wrongful, it was certainly incumbent upon him to conduct his movements with reference to the situation as it actually existed. When, therefore, he backed from one of the "exposition" tracks, to escape collision with a moving train, he was not exercising ordinary care in stepping upon the other "exposition" track without looking to see if a train was coming upon it from the opposite direction. It was practically conceded in the argument here that the proposition last announced would, under ordinary circumstances, be undoubtedly true, but it was contended that the rule of diligence therein indicated should not be applied to the plaintiff, because he was confronted by an impending danger which prevented his exercising that degree of care which should otherwise be required of him. Speaking for myself, I am of the opinion that the situation in which the plaintiff found himself was an "emergency." Some of my brethren are disposed to hold otherwise. But we all agree that even if there was an emergency calculated to unfit the plaintiff for the exercise of ordinary care, it was one of his own making. The exact condition of things at the place of the injury, brought about by the movement of these trains, was one of very frequent occurrence, and he was completely aware that just such a condition might exist at any moment, and necessarily was to be expected. We are therefore confident that he is not entitled to be relieved from the consequences of neglecting to exercise ordinary care for his own protection and safety, because his failure to do this arose from a sudden crisis, which, so far as he was concerned, was brought about by his own act in voluntarily placing himself in a situation of imminent peril. He ought not to be permitted to do a thing which deprived him of that presence of mind requisite to his preservation and safety, and then allege that, for want of such presence of mind, an-

other, not responsible for it, should be made to suffer. It was not contended that he was upon the right of way by invitation. At best, his presence there was only tolerated. This being so, it must unquestionably be accepted as true that the railway authorities had done nothing to exempt him from the operation of the rule of law which requires all persons to exercise ordinary care for their own safety.

We do not mean to say that there was no evidence of negligence on the part of the defendant company. The jury might certainly have found that it was guilty of negligence in running its train more rapidly than the city ordinance permitted, and the evidence might have warranted inferences of negligence in other respects; but there was no testimony upon which a finding that the company's servants in charge of the train were guilty of wantonness, or of a wilful disregard of the plaintiff's safety, could stand. He was struck at the very instant he got upon the edge of the track. There was no time for the company's servants to do anything after he placed himself in this position. The collision was then inevitable. There is no support in the evidence for the theory that the plaintiff was "run down" and hurt. On the contrary, even after the defendant's negligence became, relatively to the plaintiff, operative and threatening, it was still within his power, by exercising ordinary care, to avoid the consequences of that negligence; and therefore his case undoubtedly falls within the provisions of section 3830 of the Civil Code.

*Judgment affirmed. All the Justices concurring.*