11243. KELLEY, adm'r, *v.* HINES, director-general.

BROYLES, C. J. 1. This suit was brought under section 2782 of the Civil Code of 1910, for the homicide of an employee of the defendant railroad. In the petition there was nothing that showed that at the time of the homicide the deceased and the defendant carrier were engaged in interstate commerce. The statement in the defendant's answer, that they were so engaged, can not be considered by this

court in passing upon the question as to whether the petition was properly dismissed on general demurrer. Accordingly, upon this question the provisions of the " employer's liability act "'of this State, and not those of the Federal act, are controlling.

2. Under section 2782 of the Civil Code of 1910 a recovery for the homicide, of an employee of a railroad company can not be had where he brought about his death by his own carelessness amounting to a failure to exercise ordinary care, or where by the exercise of ordinary care he could have avoided the consequences of the defendant's negligence.

3. In cases of personal injuries the plaintiff, as a conscious human agent, is bound to exercise ordinary care to avoid the consequences of the defendant's negligence, by remaining away, going away, or getting out of the way of a probable or known danger; and if his duty requires him to remain in the presence of danger, he must exercise the ordinary care required of a prudent man under the particular circumstances. *Mansfield* v. *Richardson*, 118 *Ga.* 250 (3) (45 S. E. 269).

4. If at the time of the injury an ordinarily prudent person, in the exercise of that degree of care and caution which such a person generally uses, would have reasonably apprehended that the defendant might be negligent at the time when and place where the injury occurred, and, so apprehending the probability of the existence of such negligence, could have taken steps to prevent the injury, then the person injured can not recover, if he failed to exercise that degree of care and caution usually exercised by an ordinarily prudent person to ascertain whether the negligence which might have been reasonably apprehended really existed. If there is anything present at the time and place of the injury which would cause an ordinarily prudent person to reasonably apprehend the probability, even if not the possibility, of danger to him in doing the act which he is about to perform, then he must take such steps as an ordinarily prudent person would take to ascertain whether such danger exists, as well as to avoid the consequences of the same after its existence is ascertained; and if he fails to do this and is injured, he will not be allowed to recover, if by taking proper precautions he could have avoided the consequences of the negligence of the person inflicting the injury. A railroad-track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track. *Western & Atlantic R. Co.* v. *Ferguson*, 113 *Ga.* 712, 713 (39 S. E. 306, 54 L. R. A. 802).

5. An employee of a railroad company who voluntarily sits down by its tracks and falls asleep in such close proximity thereto as to cause him while sleeping to be struck and killed by a passing train is guilty of such gross negligence as will prevent a recovery for his homicide, although the defendant carrier may be guilty of contributory negligence. *Parish* v. *W. & A. R. Co.*, 102 *Ga.* 285 (29 S. E. 715, 40 L. R. A. 364), and cit.

6. The decision in the case of Gray *v.* Southern Ry. Co., 167 N. C. 433 (83 S. E. 849), cited and relied on by counsel for the plaintiff in error,

was reversed by the Supreme Court of the United States (241 U. S. 333, 36 Sup. Ct. 558, 60 L. ed. 1030).

7. Under the above rulings, the plaintiff's petition showed no right of recovery against the defendant, and the court did not err in dismissing it on general demurrer.

*Judgment affirmed. Luke J., concurs. Bloodworth, J., disqualified.*

DECIDED APRIL 13, 1920.

Action for damages; from Wilkinson superior court — Judge Park. November 26, 1919.

*Victor Davidson, J. F. Bloodworth,* for plaintiff.

*H. W. Johnson,* for defendant.