20858, 20910. ENNIS *v.* PURCHASE & SALE COMPANY *et al.;* and *vice versa.*

STEPHENS, J. 1. This being a suit in tort to recover for personal injuries alleged to have been received by the plaintiff from an explosion of a gasoline cooking-stove while she was attempting to light it, which explosion, it was alleged, was proximately caused by negligence of the defendants in selling and putting on the market a stove which was dangerously defective, and in representing to the plaintiff that the .stove was safe to operate and would not explode, and in not warning her of the danger of an explosion incident to the manner of the use of the stove, the alleged defects being that the stove was so constructed that gas from the tank which supplied the burners flowed through the burners into the stove after the burners had gone out after having been lighted, and that there was no automatic cut-off which would stop the flow of gas when the lights had gone out, and (irrespective of any negligence on the part of the defendants in selling and placing upon the market a defectively constructed stove or in failing to exercise ordinary care to inspect the stove) it appearing conclusively and as a matter of law from the uncontradicted testimony of the plaintiff herself that the explosion was caused by the plaintiff's lighting the burners three or five minutes after the lights for some reason had gone out and the burners had been left in a condition where they continued to feed gas into the stove, and that the plaintiff at the time knew that there was no automatic cut-off of the gas, and that inflammable gas was coming out of the burners, and that with a match put to enough accumulation of gas after the lights went out there would be trouble, that she had a burning match in her hand which she put to one of the burners, and as she opened the oven door the explosion took place, and that therefore the plaintiff's injuries were not caused by any negligence of the defendants, but by the negligence of the plaintiff in undertaking to light the burners under the circumstances, the verdict for the defendants was demanded as a matter of law.

2. It appearing conclusively and without dispute from the evidence that the plaintiff's injuries were not caused by the negligence of either of the defendants, and that the verdict for the defendants was demanded as a matter of law, the alleged errors in the charge were immaterial, and it was immaterial that the court excluded evidence offered by the plaintiff to the effect that if the burners would go out and the gas not be turned off, it would escape into the stove and accumulate, and a person using the stove naturally would not notice that the burners had gone out and the gas coming out would naturally ignite.

3. See *King Hardware Co.* v. *Ennis,* 39 *Ga. App.* 355 (147 S. E. 119).

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 29, 1931.

118

*E. W. Jordan, Marion H. Allen,* for plaintiff.
*Harold Hirsch, Marion Smith, Sibley & Sibley,* for defendants.