## 29663. SANFORD *v.* FRIGIDICE COMPANY.

DECIDED DECEMBER 4, 1942. REHEARING DENIED DECEMBER 15, 1942.

*J. C. Bowden, A. G. Smith,* for plaintiff.
*Bryan, Carter & Ansley, Carl D. Levy,* for defendant.

MacINTYRE, J. The ice company had a large platform from which it delivered ice to its customers, either in their automobiles or directly to the persons. As this platform is directly approached from a right angle, the method of reaching the platform is to go up steps, which contain five treads, at the extreme left side of the platform. The plaintiff contended that when he would go to get his ice, he would climb up the steps to the platform and joke and talk with the defendant's employee, who was delivering the ice to him. On going toward the right on said platform, and after leaving the

steps at the extreme left of the platform, not quite halfway across said platform, is a door or doors to an ice storage room from which ice, generally in large blocks, was brought or pushed onto the platform. A few feet farther, toward the right of said door along the platform in an indenture in the wall, is a large machine which is used to cut the large blocks of ice into smaller ones, as the customer might desire. Beyond this indenture and near the right end of said platform was the machine that cut the ice into cubes, if the customer so desired. Running down from the top of this machine, toward the floor, was a sort of chute into which the waste ice that resulted from the cutting of the ice into cubes would come out and drop on the floor. The plaintiff, by stooping down and running his hand up this chute to get some of this waste ice, which probably looked attractive or palatable to him as a way to quench his thirst on a hot day, was injured when his fingers came in contact with the saw used in this machine to cut the ice into cubes.

1. Sanford sued Frigidice Company Inc. for damages for an injury to his fingers which he alleged was caused by the negligence of the defendant, in having and operating, a cube-cutting ice machine at its place of business. The evidence objected to was properly excluded in accordance with the rulings made in *Georgia Southern & Florida Railway Co.* v. *Cartledge,* supra, this case having overruled several earlier cases decided by the same court. See also in this connection *Louisville & Nashville Railroad Co.* v. *Barnwell,* 131 *Ga.* 791 (63 S. E. 501).

2. The injury for which a recovery was sought was not caused by a dangerous statical condition of the premises, and those cases cited by the plaintiff which related only to such conditions are not in point. The accident did not occur by the plaintiff's inadvertent slipping or falling against the machine, or any of its parts. On the contrary, the plaintiff deliberately and intentionally, according to his own testimony, inserted his hand and fingers into the chute from which the waste ice was descending. He did this by stooping down and running his hand up this chute to get the particles of ice, which seem to have been attractive to him on a hot day, and his fingers came into contact with some saws in the machine and were injured. We are unable to see on what principle the defendant could be held liable, for it had a right to have the cube-cutting ice machine on its platform where it delivered ice, and it had a right

to use it in connection with the ice business conducted thereon. There was nothing to indicate that the machine was not adequately protected, or that any protection was necessary for the chute which was eliminating the waste particles of ice and into which the plaintiff inserted his hand and arm. Under such proof the plaintiff failed to establish a cause of action. Moreover, the evidence showed that the machine was a modern, ordinary, cube-cutting, ice machine, and one commonly used for cutting ice into cubes. Nor was there any proof that any usual or customary guards were omitted. The judge did not err in granting a nonsuit.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*