## 34674. Beasley v. Elder.

CARLISLE, J. 1. "In the absence of anything to the contrary, every adult is presumed to possess ordinary intelligence, judgment, and discretion. *Hendrix* v. *Vale Royal Mfg. Co.,* 134 *Ga.* 712 (68 S. E. 483)." *Edwards* v. *A. B. & C. R. Co.,* 63 *Ga. App.* 212, 215 (10 S. E. 2d 449).

2. "One who knowingly and voluntarily takes a risk of injury to his person and property, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety and that of his property, can not hold another liable for damages from injuries thus occasioned." *Southern Railway Co.* v. *Hogan,* 131 *Ga.* 157 (62 S. E. 64).

3. Under an application of the two foregoing rules of law to the allegations of the petition, when construed most strongly against the pleader, neither count of the petition stated a cause of action against the defendant. Every act of negligence charged against the defendant pre-existed the plaintiff's entry behind the automobile to push it out of the highway, and every act of negligence charged against the defendant, with the exception that the emergency brakes were applied after the plaintiff left the automobile, was, presumably, within the plaintiff's knowledge. If the defendant's directing the plaintiff to go behind the automobile and push it out of the highway and the line of oncoming heavy traffic was so obviously dangerous as to constitute the defendant's action in doing so gross and wanton negligence, then the danger must necessarily have been equally obvious to the plaintiff; and as the defendant host had no power of compulsion over the plaintiff guest, even if we assume the gross negligence of the defendant, we must also assume the assumption of the risk by the plaintiff. Consequently, the trial court did not err in sustaining the demurrers to each count of the petition as finally amended and in dismissing the case.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 16, 1953.

*Kennedy & Sognier,* for plaintiff in error.
*Brannen, Clark & Hester,* contra.

Estill Lee Beasley brought an action for damages against Roland J. Elder, Jr., a resident of Louisville, Kentucky, and effected service under the provisions of an act of 1937 (Ga. L.

1937, p. 732; Code, Ann. Supp., § 68-801 et seq.). The petition is in two counts and, as finally amended, the material allegations of those counts are as follows: Count 1: (2) On July 1, 1951, the defendant was the owner of a 1941 model DeSoto automobile, which he was driving from Spring Lake, Kentucky, to Savannah, Georgia, and he requested the plaintiff to ride with him as his guest. (3) The plaintiff was at an advanced age and was inexperienced in traveling in an automobile and was not familiar with the mechanics of automobiles or traffic regulations governing the operation of motor vehicles on public highways. (4) During the latter part of June, 1951, when the plaintiff and defendant set out on the trip from Spring Lake to Savannah, the defendant assured the plaintiff that the automobile was in good running condition. (5) The automobile performed properly at the beginning of the trip, but during the course of travel the motor and lights cut off and on from time to time, and at a point some 75 miles north of the point of the collision, the defendant attempted to remedy the cause of this trouble. (6) The defendant assured the plaintiff that he had remedied the trouble and that it would continue on its course without further defects. (7) The plaintiff relied on this representation, since he did not know enough about the automobile to investigate the facts of the statement. (8) During the late evening of June 30, 1951, at approximately 10:30 p. m., the automobile reached a point in Chatham County, near Bloomingdale, Georgia, on U. S. Highway 80, and the lights of the car went out. The defendant, showing conscious indifference to the reasonable consequences of his acts, stopped the car at a point on the highway about two feet south of the center line with all four wheels of the vehicle resting on the highway, and demanded that the plaintiff get out and push the car off the road. The defendant, showing a conscious indifference to the reasonable consequences, *then applied the emergency brakes after the plaintiff got out of the car and made no effort to attempt to start the motor of the vehicle.* (9) The plaintiff alighted from the car, and, acting in the emergency and in answer to the shouted instructions of the defendant, began to push the automobile, when a taxicab, approaching from the rear, ran into and struck the plaintiff, pinning him between the two automobiles and causing him seri-

ous injury. (10) The plaintiff has received $4000 from the operator of the taxicab in consideration for a covenant not to sue and this amount should be deducted from, or serve in mitigation of, the amount of damages prayed in this petition. (11) By reason of the gross negligence of the defendant the plaintiff suffered enumerated injuries; and (12) incurred enumerated expenses. (13) The defendant was grossly and wantonly negligent in the following particulars, all of which proximately caused the injuries and damages complained of: (h) in inviting the plaintiff to go on the trip as his guest, when he knew his automobile was defective in that the lights on the car were likely to go out and place the plaintiff in a dangerous and perilous position without informing the plaintiff thereof, as the plaintiff did not know of this defect nor could he have discovered it in the exercise of ordinary care. (14) The injuries sustained by the plaintiff were without negligence on his part.

The allegations of Count 2 of the petition were identical with those of Count 1, save that to paragraph 9 the following subparagraph was added: (a) in attempting to push the automobile in answer to the shouted instructions of the defendant, the plaintiff was rendering a benefit which was directly received by the defendant; and save that to paragraph 13 the following subparagraphs were added: (i) in permitting the lights on the automobile to go out and in stopping the car on *the heavily traveled highway* instead of driving it out of the line of traffic; (j) in putting on the emergency brakes and stopping his car on the highway *in line of oncoming heavy traffic* when the lights went out on his car; (k) in requesting everyone in the car, including the plaintiff, to get out and get behind the car and push it off the road when he stopped his car on the highway *with the motor running, with the emergency brakes on,* and with no lights on the car; (l) in failing to inform the plaintiff of the danger in getting behind the car and pushing it *on the heavily traveled highway,* and in not providing the proper lights as aforesaid; (m) in operating the automobile in a defective condition when the lights were likely to go out at any time, which condition was known to him; (n) in failing to drive the car off the highway under its own power.

The original petition was subjected to certain general and

special demurrers, which were sustained by the court on March 11, 1953, and the court allowed the plaintiff until April 1, 1953, within which to amend. On March 19, 1952, the plaintiff amended his petition, and the allegations which have been summarized above constitute those of the petition following the amendment. On March 21, 1953, the defendant redemurred, both generally and specially, and on April 3, 1953, the trial court sustained all the grounds of this latter demurrer and dismissed the case. The plaintiff has appealed to this court from that judgment.