34880. LaHOSTE *v.* YAARAB MOUNTED PATROL, INCORPORATED.

Decided November 20, 1953—Rehearing denied December 16, 1953.

401

*Fraser & Shelfer,* for plaintiff in error.
*Gaines, Simpson & Peabody,* contra.

FELTON, J. ■ The amendment to the petition setting forth the law of the State of Louisiana did not require a renewal of the general demurrer to the petition. An immaterial amendment does not open the petition anew to demurrer. Code § 81-1312; *Pritchett* v. *Ellis,* 201 *Ga.* 809 (41 S. E. 2d 402) ; *Central of Ga. Ry. Co.* v. *Waldo,* 6 *Ga. App.* 840 (65 S. E. 1098). The pleaded law of Louisiana as to the liability for the conduct charged is in effect the same as that of Georgia. Since no Louisiana law with reference to the contributory negligence of the plaintiff or to his assumption of the risks involved is pleaded, it will be assumed that the law of that State in such respect is the same as ours. The amendment was immaterial because it was only an amplification and an aid to the original petition. Where a petition is amended by setting up foreign statutes which only amplify and aid the right already claimed in the original petition, the amendment does not materially change the cause of action. *Missouri State Life Ins. Co.* v. *Lovelace,* 1 *Ga. App.* 446 (58 S. E. 93). Also, the amendment did not alter or change the mode and nature of the defense available to the defendant as to the allegations of the original petition. In this connection see *Quillian* v. *Johnson,* 122 *Ga.* 49 (49 S. E. 801); *Southern Bell Tel. Co.* v. *Parker,* 119 *Ga.* 721 (47 S. E. 194) ; *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280) ; *Gibson* v. *Thornton,* 107 *Ga.* 545 (33 S. E. 895).

■ A construction of the petition against the pleader on demurrer requires the conclusion that the plaintiff was merely *requested* to ride the horse. He was not an employee and was

under no compulsion whatever, assuming that would have made a difference. There was no demurrer to the petition on the ground that inconsistent causes allegedly caused the injuries. However that may be, we think that under the circumstances alleged the plaintiff was put on notice by the conduct of the horse that it might reasonably be expected to repeat the act of rearing up, whatever the cause might originally have been among the many alleged. The assurances by the person in charge of the horses were merely a matter of opinion, under the circumstances, and were relied on by the plaintiff at his peril. Without burdening the record with citations, the liability of owners and furnishers of animals has many times been based on a single manifestation of wildness or vicious propensity as notice to the owner or person furnishing the animal. If a single manifestation is sufficient to establish liability on the one hand, it seems reasonable that notice of such a fact by the one using the animal would defeat a recovery, especially where he is a volunteer, as in this case. We do not base our conclusion in this case upon the proposition that the plaintiff should have anticipated that the horse would rear up simply because it was a horse, any more than a nurse should anticipate that a child will bite (Johnson *v.* Butterworth, La. App., 1934, 152 So. 166); but base it on the proposition that, if a horse rears up once, or a baby bites its nurse once, the same thing might be expected again, especially in a short period of time when conditions and circumstances remain the same as when the first rearing up or baby's biting occurred. In this case, the plaintiff was a volunteer and had notice that the horse might reasonably rear up on its hind legs. He assumed the risk of his voluntary undertaking under the allegations in this case, and is barred from recovery as a matter of law. *Graham* v. *Walsh,* 14 *Ga. App.* 287 (80 S. E. 693); *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894 (1) (38 S. E. 91); Artificial Ice & Cold Storage Co. *v.* Martin, 102 Ind. App. 74 (198 N. E. 446).

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Quillian, J., concur.*