19598.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* ROBERTS.

HAWKINS, Justice.   This case is here upon the grant of a certiorari to the Court of Appeals.   A full statement of the pleadings is contained in the opinion of that court in *Central of Georgia Railway Company* v. *Roberts,* 94 *Ga. App.* 600 (95 S. E. 2d 693), and need not be repeated.   It is sufficient here to state that the plaintiff seeks to recover damages for personal injuries sustained by him because of the alleged negligence of the defendant and its employees in failing to give him appropriate instructions and directions for safely boarding its train after the purchase of a ticket by the plaintiff, who explained to the defendant's agents that he had never before ridden upon a train, and in failing to advise the plaintiff the proper place to board the train; in failing to afford the plaintiff a reasonably safe entry upon the train; in failing to open the doors on the east side of the train, in view of the fact that the defendant had actual notice of the plaintiff's presence and his destination; in failing to give the plaintiff some audible signal or warning that the train was preparing to move out; in failing to have an employee on the east side of the train to open the door for the plaintiff; it being alleged that the defendant's agents and employees had directed the plaintiff to the seventh track at the terminal as a proper place to board

the train, when the train came in upon and departed from the fifth track; that when the train started moving out, the plaintiff left the seventh track, where he had been directed to go, and ran along the east side of the train in the night-time, with no light except that shining from inside the passenger coaches of the moving train, in an attempt to attract the attention of someone on the train, to have the doors opened so he could board it from that side; and that, while thus running along the side of the train, he tripped over a metal box maintained by the defendant beside the track, the existence and maintenance of which is not alleged as negligence, fell and sustained the personal injuries described. The defendant demurred to the petition on the general grounds, among others, that every act of alleged negligence on the part of the defendant was known to the plaintiff prior to his attempting to board the moving train, and, therefore, he failed to exercise ordinary care for his own safety and to avoid the consequences of the defendant's negligence. The trial court overruled these grounds of demurrer, and this judgment was affirmed by the Court of Appeals. *Held:*

Even conceding, but not deciding, that the defendant owed to the plaintiff, under the circumstances alleged in the petition, the duty of seeing him safely aboard the train, the conclusion is inescapable that the acts of negligence on the part of the defendant's alleged employees put the plaintiff in a place of safety, and had he remained there, he would not have received the injuries complained of. If he had relied upon the promise of the defendant's alleged employees to put him on the train, then he should have remained at the place they put him, and, upon thus being caused to miss the train, brought suit upon the breach of the promise, if he could have done so. *Meeks* v. *Atlantic &c. R. Co.,* 122 *Ga.* 266 (50 S. E. 99); *Watson* v. *Georgia Pacific Ry. Co.,* 81 *Ga.* 476 (7 S. E. 854); *Simmons* v. *Seaboard Air-Line Ry.,* 120 *Ga.* 225, 226 (47 S. E. 570, 1 Ann. Cas. 777). All of the acts of negligence alleged against the defendant had already taken place prior to the time the train began to move, and were clearly apparent and well known to the plaintiff at the time he began running along the side of the train, which voluntary act on his part caused him to trip, fall, and be injured. It thus appears that the plaintiff, by the exercise of ordinary care, could have avoided the consequence of the defendant's alleged negligence. Code § 105-603

provides: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." See also Code § 94-703; *Smith* v. *Central R. & Bkg. Co.*, 82 *Ga.* 801 (10 S. E. 111). The allegations of the petition showing that the plaintiff, with knowledge of the prior acts complained of, had full opportunity to avoid and escape the consequences thereof, he was not entitled to recover, though the defendant may have been in some respects negligent. *Briscoe* v. *Southern Ry. Co.*, 103 *Ga.* 224 (28 S. E. 638); *Simmons* v. *Seaboard Air-Line Ry.*, 120 *Ga.* 225, supra. See also *Blitch* v. *Central Railroad*, 76 *Ga.* 333; *Barnett* v. *East Tennessee &c. Ry. Co.*, 87 *Ga.* 766 (13 S. E. 904); *Ricks* v. *Georgia, Southern &c. Ry. Co.*, 118 *Ga.* 259 (45 S. E. 268); *Louisville &c. R. Co.* v. *Edmondson*, 128 *Ga.* 478 (57 S. E. 877). It was, therefore, error for the trial court to overrule the general demurrer to the petition, and the Court of Appeals erred in affirming that judgment.

As pointed out in the statement of facts, the petition does not allege that the defendant was negligent in maintaining the encasement box over which the plaintiff tripped. Yet, on page 610 of its opinion, the Court of Appeals holds: "Under all the attendant circumstances, it was a question for the jury to determine whether or not the defendant was negligent in maintaining the encasement box concealed by the grass within the loading area, and it was unnecessary for the plaintiff to specifically denominate the presence of the box under such circumstances as negligence." This holding is in conflict with previous decisions of both this court and the Court of Appeals, to the effect that, in a suit to recover damages for personal injuries alleged to have been sustained by reason of negligence on the part of the defendants, the plaintiff must recover, if at all, upon proof establishing the specific acts of negligence alleged in his petition, and is therefore erroneous. *Georgia Brewing Assn.* v. *Henderson*, 117 *Ga.* 480 (43 S. E. 698); *Augusta Ry. &c. Co.* v. *Weekly*, 124 *Ga.* 384 (52 S. E. 444); *Livsey* v. *Georgia Ry. &c. Co.*, 19 *Ga. App.* 687 (91 S. E. 1074); *Southern Ry. Co.* v. *Winn*, 25 *Ga. App.* 438 (103 S. E. 733); *McEntire* v. *King*, 59 *Ga. App.* 865, 869 (2 S. E. 2d 195).

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED FEBRUARY 11, 1957—DECIDED MARCH 13, 1957—
REHEARING DENIED MARCH 25, 1957.

138

*Farkas, Landau & Davis,* for plaintiff in error.
*Hilliard P. Burt, Burt & Burt, H. G. Rawls,* contra.