36791.   STAPLES *v.* BROWN.

DECIDED JULY 9, 1957.

*Dunaway & Embry,* for plaintiff in error.

*Allison, Pittard & Webb, H. Rhodes Jordan,* contra.

NICHOLS, J.  In considering the defendant's motion for judgment non obstante veredicto in the present case, a case where a guest in a motor vehicle is suing his host, the questions for decision are: "Was defendant guilty of gross negligence proximately causing plaintiff's injuries?  Did the plaintiff, in the circumstances, exercise ordinary care to avoid the consequences of defendant's gross negligence?" *Evans* v. *Caldwell,* 45 *Ga. App.* 193, 194 (163 S. E. 920).  No contention is made that the defendant's actions did not amount to gross negligence which proximately caused the plaintiff's injuries, therefore, the only question for decision is whether the evidence would authorize a finding that the plaintiff was exercising ordinary care for his own safety.

The brief of the evidence in the present case consists of approximately 90 pages, the majority of which is the direct and cross-examination of the plaintiff, and it would serve no useful purpose to quote this lengthy testimony into the opinion.  Suffice it to say that the plaintiff testified that before he got into the pick-up truck he knew the defendant had been drinking, that he knew the defendant was under the influence, that he knew the defendant was not driving properly before they traveled one-

eighth of a mile from a fishing lodge on the bank of the river where they had been fishing and frog gigging, and that he made no attempt to leave the pick-up truck. He also testified that the defendant did not act like a drunk man, that it was just a minute or two before the wreck that he realized the defendant was in no condition to drive, and that he intended to ask the defendant to let him drive but didn't have an opportunity to ask him before the wreck.

Under repeated decisions of the appellate courts where a plaintiff's testimony is contradictory and equivocal it must be construed most strongly against him. In the present case where the plaintiff testified that he knew the defendant was drinking before he got into the pick-up truck with him and knew that he was not driving properly before they had traveled one-eighth of a mile and then testified that he did not know that the defendant was in no condition to drive until immediately before the wreck (which wreck occurred five or six miles from the point of beginning), this court must hold that the plaintiff rode with the defendant knowing that the defendant was drunk. "If one rides with a driver of a motor vehicle knowing that the driver is under the influence of any intoxicating liquors, he is not in the exercise of ordinary care for his own safety. *Williams* v. *Owens*, 85 *Ga. App.* 549 (69 S. E. 2d 787)." *Stephenson* v. *Whiten*, 91 *Ga. App.* 110, 112 (85 S. E. 2d 165).

In view of what has been said above the trial court erred in denying the defendant's motion for judgment non obstante veredicto, and the trial court is instructed to enter a judgment for the defendant in accordance with such motion.

Inasmuch as the above ruling acts as a final determination of the case the defendant's motion for new trial as amended is not passed on.

*Judgment reversed with direction. Felton, C. J., and Quillian, J., concur.*