38902. REDDING, by Next Friend v. MORRIS.

FRANKUM, Judge. When one undertakes to drive an automobile of another and discovers that the accelerator and the brakes of the automobile are defective, in that the accelerator sometimes sticks in an accelerated position, and the brakes, when applied, tend to pull the vehicle to the left, and when he continues to drive the vehicle after the accelerator and brakes have malfunctioned, as above described, five to ten times within a time period of thirty minutes that he had driven the car, he cannot recover for injuries he sustained when the accelerator of the vehicle stuck in an accelerated position, and when he applied the brakes, the automobile lurched across the left side of the road and struck a tree. Under such circumstances the driver failed to exercise ordinary care to avoid the consequences to himself caused by the alleged negligence of the owner of the automobile. *Code* § 105-603. The danger of operating the automobile was obviously apparent to the driver after the first mechanical malfunction of the accelerator and the brakes. *LaHoste v. Yaarab Mounted Patrol,* 89 Ga. App. 397 (79 SE2d 570); *Southern Ry. Co. v. Hogan,* 131 Ga. 157 (62 SE 64); *Briscoe v. Southern Ry. Co.,* 103 Ga. 224 (28 SE 638); *Simmons v.*

*Seaboard Air-Line Ry.*, 120 Ga. 225 (47 SE 570, 1 AC 777); *Hill v. L. & N. R. Co.*, 124 Ga. 243 (52 SE 651, 3 LRA (NS) 432); *Mansfield v. Richardson*, 118 Ga. 250 (45 SE 269); *Kelley v. Hines*, 25 Ga. App. 186 (102 SE 921); *Ennis v. Purchase & Sale Co.*, 44 Ga. App. 117 (160 SE 878). When the driver discovered the mechanical defects he told the owner, who was riding in the automobile, about them, and the owner stated to him: "Just watch it and take it easy." Whereupon, the driver continued to drive the automobile with full knowledge of the dangers involved and thereby assumed such risks. *Beasley v. Elder*, 88 Ga. App. 419 (76 SE2d 849); *LaHoste v. Yaarab Mounted Patrol*, 89 Ga. App. 397, supra. See also *Staples v. Brown*, 96 Ga. App. 176 (99 SE2d 526).

Therefore, upon the trial of an action for damages for personal injuries brought by the driver of the automobile against the owner thereof on account of alleged negligence with reference to the defective brakes and accelerator of the automobile, the trial court did not err in directing a verdict for the defendant. *Code Ann.* § 110-104.

*Judgment affirmed. Townsend, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 13, 1961—REHEARING DENIED
DECEMBER 18, 1961.

*Walter B. Fincher*, for plaintiff in error.
*Moise, Post & Gardner, R. Emerson Gardner*, contra.

ON MOTION FOR REHEARING.

Movant contends that facts in the record of this case require a result different from the one reached by this court. Such facts are, in substance, as follows: At the time of the collision the plaintiff, Wayne Redding, was a minor, 16 years of age, who was riding with the defendant, William H. Morris, in the defendant's automobile through an area of North Georgia many miles from the plaintiff's home, Douglasville, Ga.; that after the plaintiff and defendant left Helen, Ga., late at night, the defendant asked plaintiff to drive (knowing full well that the plaintiff was an unlicensed, inexperienced driver), because the defendant had become intoxicated and sleepy; and that the defendant furnished the plaintiff a defective car to drive. By reason of these

facts, the movant contends that an issue was presented for the jury's determination as to whether the defendant's negligence proximately caused the injuries he sustained, or whether the plaintiff could have avoided such injuries by the exercise of ordinary care and diligence.

In addition to the above facts, the record shows without dispute that the plaintiff voluntarily traveled with the defendant; that they left Douglasville in the defendant's car in the early afternoon of October 13, 1956; that when they reached Austell, Ga., the defendant began to drink beer; that the defendant stopped at two or three more places before reaching Gainesville and drank beer; that they stopped at a restaurant at Gainesville about eight o'clock, p.m., where the defendant was involved in an altercation; and after leaving Gainesville, they went to Helen, Ga., where they stopped about midnight at a place of business operated by a friend of the defendant. The record is silent as to whether the plaintiff asked to go home while at any of these stops. The plaintiff testified that he had drunk one or two beers while riding with the defendant from Douglasville to Gainesville, and his testimony showed that he had worked at a service station on weekends for two years prior to the collision, and had, on occasions, driven vehicles onto and backed them off the grease rack, but he had never driven on a highway before the date of the collision.

While the above facts paint a sordid picture, and the conduct of the defendant was reprehensible, yet we must look to the body of the law in order to ascertain whether the trial judge was authorized to conclude as a matter of law that the plaintiff was not entitled to recover of the defendant because of his failure to exercise ordinary care for his own safety.

"A boy fourteen years of age is presumptively chargeable with the same standard of diligence for his own safety as an adult." *Bugg v. Knowles,* 33 Ga. App. 710 (1) (127 SE 813). This, of course, means that after a youth has reached the age of 14 years he will not be treated as a "child of 'tender years', but as a young person who has passed that period and become chargeable with such diligence as might fairly be expected of the class and condition to which he belongs." *Central R. Co. v.*

155

*Phillips*, 91 Ga. 526(2) (17 SE 952). As said in *Evans v. Josephine Mills*, 119 Ga. 448, 454 (46 SE 674): "The line must be drawn somewhere, and, with variation below that age [14] depending on capacity, the time of responsibility has been absolutely fixed at fourteen." Therefore, we reach the conclusion that, in absence of other facts, the plaintiff was bound to exercise ordinary care for his own safety as might be expected of a class or condition to which he belonged, namely, a person 16 years of age.

It is undisputed that the plaintiff discovered the defects in the defendant's automobile before the accident, and he, thereafter, continued to drive it.

*Western & A. R. Co. v. Ferguson*, 113 Ga. 708, 711 (39 SE 306, 54 LRA 802), held: "The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing, and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence. In such cases and in such cases only does the failure to exercise ordinary care to escape the consequences of negligence entirely defeat a recovery." To the same effect see *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665 (88 SE2d 6); *Central of Ga. Ry. Co. v. Roberts*, 213 Ga. 135 (97 SE2d 149); *Willis v. Jones*, 89 Ga. App. 824 (81 SE2d 517); *Beasley v. Elder*, 88 Ga. App. 419 (76 SE2d 849). Hence, one who knows of another's negligence must take the actions of a reasonably prudent person to avoid the consequences or injury to himself from the other's negligence. Cf. *Code* § 105-603; *Beasley v. Elder*, 88 Ga. App. 419, supra; *Willis v. Jones*, 89 Ga. App. 824, supra.

While it is true that "there is a difference between mere knowledge of a defect and full appreciation of the risk involved" (*Beck v. Wade*, 100 Ga. App. 79, 83, 110 SE2d 43), in the instant case there is no evidence that the malfunction of the brakes and accelerator of the defendant's automobile at the time of the wreck was in any way different from or greater than the other prior instances when the brakes and accelerator malfunctioned. There is no evidence to show an emergency requiring

the plaintiff to drive the defendant's car, or that the plaintiff had no alternative except to drive the defendant's car.

The evidence shows that the plaintiff was an intelligent boy who, because of his duties at the service station, was not without some experience concerning the mechanical features of an automobile. This is not to intimate that the court concludes that the plaintiff was a competent driver, but the evidence was sufficient to show that the plaintiff should appreciate the danger of driving an automobile with defective brakes and a defective accelerator.

The fact that the plaintiff was not a competent, licensed driver does not determine the issue in favor of the movant. We are of the opinion that this fact operates against the plaintiff as well as the defendant. Both had knowledge that the plaintiff should not be driving. In this respect the plaintiff and defendant were in pari delicto; one cannot complain against the other.

The uncontradicted facts show that when the defendant was engaged in an altercation in Gainesville, Ga., a police officer intervened and informed the plaintiff that the defendant was in no condition to operate his car because of intoxication. The police officer suggested that the plaintiff drive. The plaintiff got under the steering wheel of the defendant's automobile and drove it about one-half mile, and then the plaintiff turned the automobile over to the defendant. At this point the plaintiff failed to exercise ordinary care for this own safety when he continued to ride as a passenger in an automobile driven by an intoxicated person, and if a wreck had occurred as a result of such intoxication while the defendant was driving and the plaintiff had been injured as a result thereof, he could not have recovered damages from the defendant. *Staples v. Brown*, 96 Ga. App. 176, supra; *Williams v. Owens*, 85 Ga. App. 549 (69 SE2d 787); *Mann v. Harmon*, 62 Ga. App. 231 (8 SE2d 549). At Gainesville the plaintiff chose to continue the venture with the knowledge that the defendant was incapable and incompetent (because of intoxication) to drive, and he could reasonably foresee that events might transpire, as had happened in Gainesville, when he (plaintiff) would be called upon to drive the vehicle. When he got into the automobile at Gainesville, the

plaintiff was charged with knowledge that to continue the joint venture was to proceed on a dangerous enterprise. All these facts lead to the inescapable conclusion that the actions of the plaintiff were voluntary, and that he willingly assumed the risks of such venture.

We adhere to our original opinion, and the motion is accordingly denied.