## 43898. NORTH DEKALB LITTLE LEAGUE, INC. v. HOLLAND.

PANNELL, Judge. The deceased husband of the plaintiff planned, prepared for, supervised and participated in the erection of a flagpole directly below a 110-volt electric service line approximately 38 feet above the ground and running approximately 12 to 14 feet distant from, and parallel to, a high voltage line which was approximately 34 feet above the ground. The particular site for the erection of the flagpole had been selected by the deceased in a general area agreed upon by the deceased, a member of the North DeKalb Boys' Club Athletic Association, Inc., a non-profit organization, and the officers of the defendant corporation, a non-profit organization, which latter corporation leased a portion of a city park for Little League activities. The erection of the flagpole was done at night while the lights on the service line were burning so that those erecting the flagpole could see what they were doing. While the pole was being lifted by the deceased and others, some of whom were officers of the defendant corporation, the flagpole contacted the 110-volt line which produced a shock causing all but the deceased to release the pole and the pole then fell across the high voltage line resulting in the deceased's electrocution. When the deceased and another were digging a hole in which to put a metal sleeve in which to put the flagpole, he was warned that the wires were too close, and the deceased and the person assisting him laughed and shrugged it off and continued to dig the hole. The next day when the deceased was installing the sleeve in the hole, he was again warned "of the danger involved in placing the flagpole so near the wires" and the deceased again shrugged off the warning. It appears without dispute from expert witnesses that the installation of the 110-volt line by a contractor for the defendant was done in accordance with standards and practices generally accepted in the area, as well as nationally, and the height of the wires and all other aspects of the installation, including the manner of construction and material used, conformed to standards of suitability and safety normally accepted in the electrical construction trade and industry in the area as well as nationally. Motion for summary judgment was denied and the defendant appealed. *Held:*

1. It is apparent from these facts that the cause of the death of the deceased was his lack of ordinary care for his own safety. See in this connection *Redding v. Morris*, 105 Ga. App. 152 (123 SE2d 714); *LaHoste v. Yaarab Mounted Patrol*, 89 Ga. App. 397 (79 SE2d 570); *Atlanta Funtown, Inc. v. Crouch*, 114 Ga. App. 702 (152 SE2d 583); *Sanford v. Frigidice Co.*, 68 Ga. App. 593 (23 SE2d 544); *DeWinne v. Waldrep*, 101 Ga. App. 570 (114 SE2d 455); *Little v. Rome R. &c. Co.*, 35 Ga. App. 482 (133 SE 643); *Brown v. Panola Light &c. Co.*, 137 Ga. 352 (73 SE 580). " 'One who recklessly tests an observed and clearly-obvious peril is guilty of a lack of ordinary care, and his own negligence notwithstanding any accompanying negligence by another, may, under the particular facts, be deemed the proximate cause of his injury. In plain and palpable cases, it will be so held as a matter of law; otherwise, questions as to such negligence as well as other questions of negligence by the parties, and as to the proximate cause of the injury, present issues for the jury.' *Laseter v. Clark*, 54 Ga. App. 669 (1) (189 SE 265)." *Carroll Electric Membership Corp. v. Simpson*, 106 Ga. App. 29 (2) (126 SE2d 310).

2. The fact that the service line was covered with weatherproofing which one witness testified resembled insulation, would not affect the result here, as the deceased, at the time of the erection of the flagpole, had his attention again called to the overhead lines and replied, "We're clear." It, therefore, does not appear that he was misled by what may have appeared to be insulation on the service line, but was misled by his mistaken idea that the pole was short enough to clear the lines.

3. The trial court erred in refusing to grant the defendant's (North DeKalb Little League, Inc.) motion for summary judgment.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*

ARGUED SEPTEMBER 10, 1968—DECIDED MARCH 5, 1969— REHEARING DENIED MARCH 24, 1969—

*Hansell, Post, Brandon & Dorsey, Albert G. Norman, Jr.,* for appellant.

*Mitchell, Clarke, Pate & Anderson, William M. Pate, Taylor W. Jones,* for appellee.